IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LORENZO VENSON,

        Petitioner,

v.                                        CIVIL ACTION NO. 2:05-cv-00454
                                           (Criminal No. 2:01-cr-00261-06)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket 713]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court grant the petitioner's § 2255 motion.

The petitioner timely filed written objections to the Magistrate Judge's findings of fact and recommendation [Docket 803]. Petitioner stated that he had no objections to the Magistrate Judge's findings and recommendation if this court chooses to adopt the same. If, however, the court chooses not to adopt the findings and recommendation, Mr. Venson asks the court for a *de novo* review of all of his claims.

Having reviewed the petitioner's claims *de novo*, the court **FINDS** that they are without merit. Additionally, the court has reviewed the Magistrate Judge's findings and recommendation

and **FINDS**, for reasons stated herein, that the Magistrate Judge's recommendation on petitioner's fourth ground for relief contains a clear error of law.

**I. Factual Background**

In September of 2002, a federal grand jury charged the petitioner and six others with various controlled substance offenses in a twelve count superseding indictment. Petitioner was charged with one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, more than five kilograms of cocaine, and more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846 (Count Two). Attorney Herbert L. Hively was appointed to represent the petitioner on those charges.

On December 16, 2002, petitioner waived his right to indictment and entered a guilty plea pursuant to a written plea agreement, to a one count Information alleging conspiracy to distribute an unspecified quantity of cocaine. The court conducted petitioner's sentencing hearings on July 1 and July 22, 2003. After considering testimony from several of petitioner's co-conspirators, the court found the petitioner's base offense level to be 34, based on a finding that at least 15 kilograms but less than 50 kilograms of cocaine powder were attributable to Mr. Venson. Following an appropriate Guideline calculation, the court sentenced petitioner to a term of 121 months imprisonment followed by a three-year term of supervised release.

Petitioner filed a consolidated appeal of his sentence along with his co-defendant, Derick A. Geiger, in the United States Court of Appeals for the Fourth Circuit. Petitioner challenged the amount of relevant conduct attributed to him. On May 4, 2004, the Fourth Circuit affirmed the petitioner's sentence in its entirety. *United States v. Venson*, 96 Fed. App'x 863 (4th Cir. May 4, 2004) (per curiam) (unpublished).

In accordance with his duties pursuant to the Fourth Circuit's implementation of the Criminal Justice Act of 1984 ("CJA plan"),[1] Mr. Hively sent Mr. Venson a letter on May 5, 2004, stating "Please advise if you wish to petition to the United States Supreme Court" (Resp., Ex. I). Mr. Venson asserts that he contacted Mr. Hively by telephone and letter upon learning of the *Blakely v. Washington*, 542 U.S. 296 (2004) decision and requested that counsel file a petition for writ of certiorari. (Petr.'s Mem. in Supp. of Mot. 26–27.) Mr. Venson further asserts that counsel eventually assured him that counsel would prepare and file a timely petition for writ of certiorari and send a copy to petitioner. (*Id.*) Mr. Hively neither moved in the Fourth Circuit for re-hearing en banc, nor filed a timely petition for a writ of certiorari.[2] Mr. Hively has no record or recollection of Mr. Venson notifying him of his wish to file a petition for writ of certiorari. (Hively Aff. ¶ 4.)

On June 2, 2005, the petitioner, acting pro se, filed the instant § 2255 motion alleging the following grounds for relief: (1) breach of the plea agreement by the government; and ineffective assistance of counsel based on counsel's failure to contest the breach; (2) illegal and unconstitutional sentence; and ineffective assistance of counsel for failing to properly contest the sentence; (3) the court was without jurisdiction to impose a Guideline sentence; and (4) the integrity and fundamental fairness of this criminal proceeding has been effected by counsel's failure to adhere to his promise [by failing to file a petition for writ of certiorari to the Supreme Court].

---

[1] *See* Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, P 2 (July 14, 2005); Criminal Justice Act, 18 U.S.C. § 3006A (2006).

[2] *See* Sup. Ct. R. 13 (allowing ninety days from the issuance of the judgment or order sought to be reviewed for submission of a writ of certiorari).

**II. Discussion**

The Magistrate Judge found that the petitioner is not entitled to collateral relief on grounds one, two, and three asserted in his § 2255 motion. The Magistrate Judge did, however, recommend that the court grant relief on ground four of the motion. The Magistrate Judge found that Mr. Hively's representation of Mr. Venson fell below an objective standard of reasonableness in that he failed to preserve the defendant's right to pursue his direct appeal to the United States Supreme Court. Thus, the Magistrate Judge concluded that the petitioner was denied effective assistance of counsel in connection with his post-*Blakely* appeal and he suffered prejudice because there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different and petitioner's case likely would have been remanded for proceedings consistent with *Booker*. (Prop. Find. & Rec. 23.) The court disagrees with the Magistrate Judge's findings and recommendation only with respect to the finding on ground four of petitioner's motion.

Mr. Hively informed petitioner of his right to file a petition for certiorari, but his representation went no further to preserve petitioner's direct appeal. Though Mr. Hively may have been advised by petitioner that he wished to have Mr. Hively file a petition for writ of certiorari in light of *Blakely*, Mr. Hively did not follow through. Assuming it is true that Mr. Hively assured petitioner that he would timely file a petition for writ of certiorari on Mr. Venson's behalf, it may have been unreasonable for counsel to fail to act.

Nevertheless, the competency of appellate counsel's representation of Mr. Venson is irrelevant in this case unless petitioner can make out a valid constitutional claim. Before I can decide whether Mr. Venson was deprived of the constitutional right to the effective assistance of counsel, I must first determine whether he had this right in the first place.

The constitution guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387 (1985). But the constitution does not require counsel be provided to a defendant seeking to file a certiorari petition in the United States Supreme Court. *Ross v. Moffitt*, 417 U.S. 600, 617–18 (1974). Mr. Venson's assertion of a right to the effective assistance of counsel must rest on one of two premises. He must argue either that (1) a constitutional right to the effective assistance of counsel can exist even when there is no constitutional right to counsel; or (2) counsel's advice is properly characterized as advice in his continuing role as direct appellate counsel, not certiorari counsel.

I must reject the first argument. In *Wainwright v. Torna*, 455 U.S. 586 (1982) (per curiam), the Supreme Court made clear that the right to effective assistance of appellate counsel is derived entirely from the constitutional right to appellate counsel and the former cannot exist where the latter is absent. The Court stated, "Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel." *Id.* at 587–88. *Torna* applied to state criminal defendants pursuing discretionary state appeals, but "it is impossible to escape the conclusion that the logic of *Torna* is equally applicable to petitions for certiorari: because *Moffitt* found there to be no right to counsel in connection with the filing of certiorari petitions, there must be no corresponding right to the effective assistance of counsel." *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989).

As Judge Kozinski stated in *Miller*, "*Torna* which compels the result in this case, rests on a single proposition: If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance." *Id.* (internal citations omitted). I agree with Judge Kozinski that whatever the soundness of this logic, it has not commanded the Court's

-5-


respect in other areas of the law. *See, e.g.*, *Goldberg v. Kelly,* 397 U.S. 254 (1970) (although the constitution does not require a state to assist the indigent, if it chooses to do so it must comport with the requirements of due process); *Widmar v. Vincent,* 454 U.S. 263 (1981) (although the constitution does not require a state university to create a forum generally open for use by student groups, once it has done so it may not discriminate against forms of speech protected by the first amendment).

Judge Kozinski continues:

> Moreover, we cannot overlook the irony inherent in the fact that while the constitution does not require a state to provide any direct appeals at all, *Lucey*, 469 U.S. at 393; *McKane v. Durston*, 153 U.S. 684 (1894), once it has done so a number of constitutional requirements spring into place: The state must provide free transcripts to indigent appellants, *Griffin v. Illinois*, 351 U.S. 12 (1956); cannot require indigent appellants to pay a filing fee, *Burns v. Ohio*, 360 U.S. 252 (1959); and must provide an attorney, *Douglas v. California*, 372 U.S. 353 (1963). Why the provision of appellate counsel beyond the first appeal as of right should be treated any differently is not self-evident.

*Miller*, 882 F.2d at 1432. Nevertheless, it is what the Supreme Court has held, and it applies to this case as it applied in *Miller*. Because Mr. Venson had no constitutional right to counsel in connection with the filing of a certiorari petition, he had no constitutional right to the effective assistance of counsel for that purpose.

I now turn to the second argument, that the right to counsel continues to exist in the period between losing a direct appeal and filing for discretionary review, so that his attorney was still performing the role of direct appellate counsel when he failed to file the petition within the applicable time limit and did not advise Mr. Venson to file a certiorari petition himself.[3] This argument is squarely foreclosed by *Torna*. 455 U.S. at 586. *Torna* denied the right to counsel to

---

[3] Unlike the mandatory jurisdiction that the United States Courts of Appeals have in first criminal appeals of right, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion." Sup. Ct. R. 10 (2006).

a defendant whose petition for discretionary review to the Florida Supreme Court was filed too late. *Id.* at 588. "If *Torna's* right to counsel did not extend to the late filing of a petition for discretionary review, it is difficult to discern a principle according to which the right to counsel could extend to failure to file such a petition altogether." *Miller*, 882 F.2d at 1432.

Though the constitution does not require appellate counsel to continue representation beyond a first appeal of right, the Fourth Circuit's CJA plan does under certain circumstances. Under the Fourth Circuit's CJA plan, appointed attorneys have a duty to pursue certiorari review, if requested by their clients, so long as counsel believes the petition would not be frivolous. *See Austin v. United States*, 513 U.S. 5, 8 (1994); *Proffitt v. United States*, 549 F.2d 910 (4th Cir. 1976), *cert. denied*, 429 U.S. 1076 (1977). Specifically, the plan provides that "counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant." CJA Plan § V, ¶ 2. The requirements imposed upon attorneys by the CJA plan, however, do not create Sixth Amendment rights in the represented.

Mr. Hively may have failed to abide by the dictates of the Fourth Circuit's CJA plan by failing to file the petition if he was requested to do so. Nevertheless, Mr. Hively was no longer acting as counsel for petitioner's first appeal as of right; that appeal was over and with it Mr. Venson's right to effective assistance of counsel. *Miller*, 882 F.2d at 1433. Mr. Hively's failure to pursue discretionary review was not a violation of Mr. Venson's constitutional rights and therefore cannot give rise to an ineffective assistance of counsel claim. Indeed, the Supreme Court has held that "In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for

all attorney errors made in the course of the representation . . . ." *Coleman v. Thompson*, 501 U.S. 722, 754 (1991). Accordingly, the Court held that a petitioner can succeed with an ineffective assistance of counsel claim "only if it is an independent constitutional violation." *Id.* I **FIND** that Mr. Venson was not denied the constitutional right to the effective assistance of counsel when his counsel failed to file a certiorari petition because the constitution guarantees him no such right. I **FIND**, therefore, that a claim for ineffective assistance of counsel cannot be maintained for counsel's failure to comply with the Fourth Circuit's CJA plan.

The court **ADOPTS** and incorporates herein the Magistrate Judge's findings and recommendation on the first, second, and third grounds for relief asserted in petitioner's motion. The court **FINDS**, however, that an error of law apparent on its face exists with respect to the Magistrate Judge's finding that the petitioner had ineffective assistance of counsel in pursuing discretionary review. Upon *de novo* review, the court **FINDS** that petitioner cannot sustain a claim for ineffective assistance of counsel on discretionary review. Accordingly, the court **DENIES** the movant's Motion to Vacate, Set Aside, and Correct Sentence in its entirety.

The court **DIRECTS** the Clerk to send certified copies of this Memorandum Opinion and Order to Magistrate Judge Stanley, counsel of record and to petitioner, pro se.

ENTER: February 12, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE